Hibbard, P. J.
This is an action of contract in which the plaintiff joined the defendants who are husband and wife in one action.
The plaintiff’s declaration was as follows:
“PLAINTIFF’S DECLABATION.
“Count 1. And the plaintiff says that the defendants owe him the sum of $120.00' with interest for work and labor done by him the plaintiff as more fully appears on the account annexed hereto and marked ‘Exhibit A.’
“Count 2. And the plaintiff says that the defendants owe him the sum of $120.00 with interest from September 5, 1939 when demand for payment thereof was duly made according to the account hereto annexed and marked ‘Exhibit A.’
“ Count 3. And the plaintiff says that on or about the 7th day of August, 1939, he entered into a contract *311 with the defendants whereby the plaintiff agreed to perform certain work and labor for and on account of the defendants for $120:00 with interest. That the plaintiff did perform and carry out his agreement with the defendants, but that the defendants wholly regardless of their obligations have refused and still refuse to pay the plaintiff as more fully appears from the account hereto annexed and marked ‘Exhibit A.’
“All these counts are for one and the same cause of action.
By..........................
Atty.
‘EXHIBIT A.’
Hazel M. Cunningham and Charles W. Cunningham to John J. Carey Dr.
Item 1. For the erection of roof with Barrett
asphalt ................................$120.00.”
The defendant answered with a general denial and plea of payment.
After trial of the action had begun, the plaintiff waived Count 3 of his declaration.
According to the report there was evidence tending to show that the plaintiff was in the roofing business; that the defendant Hazel M. Cunningham was the owner of certain real estate in Worcester, Mass.; that on August 7,1939, the plaintiff entered into an oral agreement with the defendant Charles W. Cunningham to re-roof the house, the title to which was in the defendant Hazel M. Cunningham; that the plaintiff further agreed to negotiate a Federal Housing Loan for the defendants in the sum of one hundred twenty ($120.) dollars which was the amount of the contract and that if this loan was not granted then the agreement as to re-roofing the house should be void; that the contract to re-roof was contingent on the securing of this *312 loan; that all these negotiations were with the defendant Charles W. Cunningham, the defendant Hazel M. taking no part whatever; that on the same day but after the oral agreement a contract was written under the terms of which the said house was to be re-roofed with Barrett asphalt shingles and the defendants were to pay the sum of One hundred twenty ($120:) dollars, an application for a Federal Housing Loan was made out and that both agreement and application were first signed by the defendant Charles W. Cunningham and later taken by the plaintiff to the defendant Hazel M. Cunningham and signed by her; that the understanding of all the parties was that the contract was not binding but contingent upon the defendants’ receiving the loan; that shortly after August 7th, the plaintiff reported to . the defendant Charles W. Cunningham that the Federal Housing Loan had not been granted and the defendant then stated to the plaintiff he was glad that the loan had not been granted, that he could get the house re-roofed for sixty ($60.) dollars and further told the plaintiff to have nothing more to do with the re-roofing of the house; that the plaintiff upon reflection and coming to the belief he had a written contract signed by the defendants decided to hold them to this contract, and on August 15th, 1939, wrote a letter to the said Charles W. Cunningham of the following tenor:
“August 15,1939.
Mr. Charles Cunningham,
116 West Boylston St.,
Worcester, Mass.
Dear Friend:
After giving the matter of our contract a little more thought, I have decided to hold you and Mrs. Cunningham to our agreement. After all I not in the business for the fun of it, any more than you are, so my men will *313 start putting on your roof about next Friday, August 18, 1939, and I hope that it will be agreeable to both, you and Mrs. Cunningham, I am standing on my legal rights, and am justified in doing so, I want you to see my side of this case, and in doing so I am sure that you will let my men put on your roof as per agreement, if you fail to carry through your part of our contract I will have to protect myself in the usual way. So if you will use good common sense everything will be alright, you will have a beautiful, long lasting roof one that you will be proud of for many years to come, expecting your full cooperation in this matter I am as ever
Tours very truly
John J. Carey
John J. Carey.”
that on August 18th, the plaintiff directed two of his employees to go to the premises owned by the defendant Hazel M. Cunningham and re-roof the house; that these employees did so and laid a new shingle roof in a satisfactory and workmanlike manner; that before the work was started the defendant Hazel M. Cunningham was at home and that she knew or should have known that the plaintiff proposed to re-shingle the house; that she made no objection to the plaintiff’s proceeding with the work and that the labor and material used enhanced and improved her property.
The defendants seasonably filed the following requests for rulings:
“DEFENDANTS’ BEQUESTS FOB BULINGS OF LAW.
“1. The plaintiff having alleged a special contract in Count 3 cannot recover on Counts 1 and 2 by proof of substantial performance or by showing that in fact he did repair the defendant’s roof.
“2. The plaintiff cannot recover on his specific contract as alleged in Count 3 after he had repudiated the said specific contract and so informed the defendant.
*314 “3. The plaintiff cannot recover on Count 1 for work and labor done when said work and labor was furnished against the express declaration of the defendant to the plaintiff not to repair the said roof.
“4. The plaintiff cannot recover on Count 2 for money owed when said money is claimed to be owed because of labor and materials furnished to the defendants against the express declaration of the defendants not to furnish materials and labor in the repair of their roof.
“5. If the Court finds that the defendants expressly told the plaintiff not to repair the roof and the plaintiff went ahead and repaired the roof a permissive contract cannot be implied against the defendants so as to charge them under Counts 1 and 2 of the plaintiff’s declaration.
“6. The plaintiff having breached his express contract under the terms of which he was to repair the roof for an entire price the plaintiff cannot then recover under Count 1 for work and labor done, or under Count 2 for money owed. His voluntary failure to abide by his express agreement prevents recovery under these Counts.
‘6 7. The plaintiff having broken and repudiated his specific contract, which contract was in writing, can recover nothing for what he has done.
“8. If the plaintiff after informing the defendant that he, the plaintiff, intended to repudiate his specific contract and agreement with the defendant was then told by the defendant to remove his, the plaintiff’s materials from the defendant’s premises and not to start work, if after said notification the plaintiff proceeds to put a new roof on the defendant’s house, no recovery can be had under Counts 1 and 2 of the plaintiff’s declaration.
“9. The defendants request a finding for the defendants on the grounds that there is a misjoinder of parties.
“10. The plaintiff cannot join the two defendants on Count 1 and 2 of the plaintiff’s declaration; therefore, the defendants request a finding for the defendants.
*315 “11. That the defendants are not severally liable upon a written contract in accordance with General Laws, Chapter 231, Section 4, and therefore cannot be joined in one action as they have been so joined in Count 1 for work and labor done and Count 2 for the money owed as alleged in the plaintiff’s declaration.
“12. The defendants having been joined in one action in the plaintiff’s declaration in Counts 1 and 2 the plaintiff cannot recover as Counts 1 and 2 do not arise out of a written contract within contract within General Laws, Chapter 231, section 4.”
The action of the Court thereon was as follows:
1. Denied. Count 3 is waived.
2. Allowed. Count 3 is waived.
3. Denied. I find that there was no express declaration by Hazel M. Cunningham not to repair the roof.
4. Denied. See ruling on Bequest #3.
5. 6, 7, 9, 10, 11 and 12. Were denied by the Court. 8 was denied as inapplicable.
The Trial Court filed a written decision as follows:
“FINDING
“This is an action of contract brought by John J. Carey against Hazel M. Cunningham and Charles W. Cunningham and Trustee, all of Worcester, Massachusetts, for labor and materials furnished in the roofing of a cottage house, so-called, at #116 West Boylston Street, in said Worcester on the 7th day of August, 1939.
“The plaintiff’s declaration sets out three counts. At the hearing plaintiff waived count three on the written contract and proceeded on counts one and two on an account annexed.
“The defendants’ answers are a general denial and plea of payment.
“The plaintiff, John J. Carey, is a roofing contractor and resides in said Worcester.
“The defendant, Hazel M. Cunningham, is the wife of Charles W. Cunningham herein joined as defendant. *316 Said Hazel M. Cunningham is the owner of record of the premises located at #116 West Boylston Street. They occupy said premises as husband and wife.
“I find that on or about August 7, 1939, the plaintiff and the defendant, Charles W. Cunningham had a conversation which was reduced to a writing in the form of a memoranda or order to the plaintiff for re-roofing of Hazel Cunningham’s house signed by both defendants and the plaintiff. The memo was subject to the plaintiff procuring for the defendants a Federal Housing Loan for a sum sufficient to meet the cost of putting on a new roof. The plaintiff was unable to secure said loan. When informed thereof the defendant, Charles W. Cimningham, expressed himself as being just as well satisfied and that he could get the work done at a cost less than agreed upon in the memo.
“I find that the plaintiff notwithstanding his failure to get the loan, advised defendant, Charles Cunningham, by letter on August 15th that he would hold both defendants to the agreement and would start to put on the roof on August 18th. There was no further conversation or communication between the plaintiff and either defendant.
“I find that thereafter the plaintiff laid a new shingle roof on defendant Hazel Cunningham’s house and that this was done in a satisfactory and workmanlike manner. I find that before the plaintiff had started the work the defendant Hazel Cunningham was at home and that she knew or should have known that the plaintiff proposed to reshingle the roof. I find that she made no objection to the plaintiff proceeding with the work. I find that the labor and materials used enhanced and improved the defendant, Hazel Cunningham’s property.
“I find for the plaintiff as against Hazel M. Cunningham under Count 1 and 2 as follows:
“For labor and materials and trucking in the sum of $110.90.
“I further find on all the evidence for the defendant, Charles W. Cunningham.”
It is clear from the report that the plaintiff depended up-(>h the written contract as the basis of his; actions. The *317 following extracts from the report “The plaintiff testified that he went home, thought the matter over and realizing that he had the defendants’ signatures on what he believed was a written contract he determined to hold the defendants to this contract and further determined that he was going to have his men re-roof the house notwithstanding he had been told by the defendant Charles W. Cunningham that the work was not going to be done and to have nothing further to do with the roof” and from his letter to the defendant Charles W. Cunningham “After giving the matter of our contract a little more thought I have decided to hold you and Mrs. Cunningham to our agreement ... I am standing on my legal rights ... I am sure you will let my men put on your roof as per agreement if you fail to carry through your part of our contract I will have to protect myself in the usual way,” support this view.
Having elected to proceed under the terms of the express contract, he must prevail or lose under said terms for there was no act on the part of either defendant which in any way altered the situation. Obviously there could not be an express and implied contract at one and the same time covering the same subject matter, nor does the law imply a quasi or constructive contract where there is an express contract. These are elementary principles.
The plaintiff declared upon the contract in the third count of his declaration. When he waived that count there was nothing left of the case. There was no support whatever for Counts 1 and 2 in the declaration which rested upon an implied or quasi constructive contract. Irrespective of whether the defendants properly presented this matter to the Trial Court through appropriately phrased requests for rulings, the Trial Court had no evidence before it to support a finding for the plaintiff against either defendant. However that may be, we do not find it too much *318 effort to construe the requested rulings as sufficiently broad and inclusive.
It is difficult to understand upon what theory the Trial Court found for the defendant Charles W. Cunningham except upon the belief that there was created an implied contract by the bold and unauthorized entry upon the premises by two workmen employees of the plaintiff and that the defendant Charles not being present was not liable. While the report states there was evidence tending to show that the defendant Charles notified the plaintiff that no work was to be done, the Trial Court did not specifically so find. By the same reasoning it would appear the Trial Court found an implied contract with the defendant Hazel because she was in the house when the men arrived and while they were at work. The Trial Court seems to have had in mind the doctrine of unjust enrichment but this doctrine has no force when the action is based upon an express contract under the circumstances here shown.
If it has any value, it may be questioned whether the defendant Hazel under the circumstances here disclosed, she having participated in the negotiations with the plaintiff merely by signing a contract which by its terms became null and void, was bound under penalty to go out and forbid men from doing work which she may have well believed was under her husband’s orders.
We see no justice whatever in the plaintiff’s claim but merely a stubborn attempt to enforce a void contract or possibly a desire motivated by jealousy to prevent a competitor from doing the work at a lower cost.
There was prejudicial error in the finding for the plaintiff against the defendant Hazel M. Cunningham, which finding is reversed and judgment is ordered to be entered for both defendants.